ALICIA A.G. LIMTIACO
United States Attorney
GARTH R. BACKE
RAMI S. BADAWY
Assistant U.S. Attorneys
P.O. Box 500377
Horiguchi Building, Third Floor
Saipan, MP 96950
TEL: (670) 236-2980
FAX: (670) 236-2985

Attorneys for the United States of America

F!LED
Clerk
District Court

APR 30 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

CR 12-00012

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. ~~11-00030~~ |
|---|---|
| Plaintiff, | **SUPERSEDING INDICTMENT** |
| vs. | Count One: Conspiracy to Commit Sex Trafficking and to Benefit Financially from a Sex Trafficking Venture (18 U.S.C. §§ 1594(c), 1591(a)(1) and (a)(2)) |
| **WEI LIN,** **YANCHUN LI,** | |
| Defendants. | Counts Two – Four: Sex Trafficking by Force, Fraud, or Coercion (18 U.S.C. § 1591(a)(1)) |
| | Count Five: Financially Benefitting from a Sex Trafficking Venture (18 U.S.C. § 1591(a)(2)) |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
Conspiracy to Commit Sex Trafficking and to
Benefit Financially from a Sex Trafficking Venture

## Introduction

At all times relevant to this Superseding Indictment:

1. Rosen Music Studio was a karaoke bar located on the second floor of the MAC Building in Chalan Laulau Village, which also provided sexual services for an added fee. Most if not all of the commercial sexual acts, however, were performed outside of the establishment.

2. In exchange for a portion of the proceeds, Defendant **WEI LIN** provided the Rosen Music Studio with women to perform the sexual services. Sex acts performed by these women generally took place in an apartment procured by **WEI LIN** in the Hong Building in As Terlaje Village (hereinafter referred to as the Hong Apartment).

3. Defendant **YANCHUN LI** was paid by **WEI LIN** to, among other things, transport the women back and forth from the Rosen Music Studio to the Hong Apartment, and in some cases, to and from local hotels. **YANCHUN LI** also provided the women with condoms and received money directly from customers on occasion.

4. E.W., P.C., and H.Z. (hereinafter collectively referred to as the Victims) are and were female citizens of the People's Republic of China (China) who traveled to the Commonwealth of the Northern Mariana Islands (the CNMI) in August and September of 2010 based upon promises by **WEI LIN**, and other working on his behalf, of employment at a new hotel **WEI LIN** was opening on Saipan.

## The Conspiracy

5. From in or about July 2010, the exact date being unknown, and continuing to on or about November 6, 2010, in the District of the Northern Mariana Islands and elsewhere, **WEI LIN** and **YANCHUN LI**, the defendants, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other to commit the following

offenses against the United States:

   a. in and affecting interstate and foreign commerce, to recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a person, knowing that fraud would be used to cause such person to engage in a commercial sex act, in violation of Title 18, United states Code, Sections 1591(a)(1) and (b)(1); and

   b. knowingly benefit, financially and by receiving anything of value, from participation in a venture which has, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, a person, in violation of paragraph (1) of Title 18, United States Code, Section 1591(a), knowing that fraud would be used to cause that person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(2) and (b)(1).

Manner and Means of the Conspiracy

6. Among the manner and means by which **WEI LIN** and **YANCHUN LI**, together with others known and unknown to the Grand Jury, carried out the above-described conspiracy were the following:

   a. Recruiting the Victims with false and fraudulent promises of employment in the United States, to wit: that they would work either as waitresses or housekeepers; that their salary would be over $1,000.00 per month; and that they would receive work visas after their arrival;

   b. Arranging and coordinating the Victims' travel from China to the United States, as well as instructing the Victims, due to their limited English, on what to say to U.S. immigration officials;

    c. Within hours of the Victim's arrival on Saipan, picking them up from airport and transporting them directly to the Hong Apartment; collecting from each one over $4,000.00; taking their passports; and telling them they would likely be killed by criminals if they went outside;

    d. Causing the Victims to engage and continue to engage in commercial sex acts by using force, fraud, and coercion, to wit: stating they could not return to China until their debts were paid off; threatening them with physical violence; monitoring their presence at all times; falsely claiming to have favorable relationships with corrupt government officials; transporting them to engage in commercial sex acts; preventing them from conversing with Mandarin-speaking customers; receiving money directly from the customers in exchange for sex acts; and never paying the Victims for sex acts they were made to perform.

All in violation of Title 18, United States Code, Sections 1594(c), 1591(a)(1), and 1591(a)(2).

## COUNTS TWO – FOUR
Sex Trafficking by Force, Fraud, or Coercion

7. Paragraphs 1 through 6 of this Superseding Indictment, as well as all subsections, are re-alleged and incorporated by reference as though fully set forth herein.

8. From on or about September 10, 2010, to on or about November 6, 2010, within the District of the Northern Mariana Islands and elsewhere, **WEI LIN** and **YANCHUN LI**, the defendants, aiding and abetting each other, in or affecting interstate or foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, the persons named below by count, while knowing or in reckless disregard of the fact that

threats of force, fraud, and coercion would be used to cause that person to engage in a commercial sex act.

**Count Two:** E.W.

**Count Three:** P.C.

**Count Four:** H.Z.

All in violation of Title 18, United States Code, Sections 1591(a)(1), 1594, and 2.

## COUNT FIVE
Financially Benefitting from a Sex Trafficking Venture

9. Paragraphs 1 through 8 of this Superseding Indictment, as well as all subsections, are re-alleged and incorporated by reference as though fully set forth herein.

10. From on or about September 10, 2010, to on or about November 6, 2010, within the District of the Northern Mariana Islands and elsewhere, **WEI LIN** and **YANCHUN LI**, the defendants, aiding and abetting each other, did knowingly benefit, financially and by receiving anything of value, from participation in a venture which has, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, in violation of paragraph (1) of Title 18, United States Code, Section 1591(a), knowing or in reckless disregard of the fact that fraud would be used to cause that person to engage in a commercial sex act.

All in violation of Title 18, United states Code, Sections 1591(a)(2), 1594, and 2.

Dated this 30th day of April, 2012.

A TRUE BILL.

_____
Foreperson

1  ALICIA A.A.G. LIMTIACO
   United States Attorney
2  Districts of Guam and the N.M.I.

3  By: _____
       GARTH R. BACKE
4      Assistant United States Attorney

5  By: _____
       RAMI S. BADAWY
6      Assistant United States Attorney

7

8  Reviewed By: _____

9
       _____
10     BELINDA C. ALCANTARA
       First Assistant United States Attorney